IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re:<br><br>   M.G. & E.D., LLC,<br><br>         Debtor. | § § § § § § § § | Bankruptcy Petition No.<br>C-03-20197 |
| MARGARET FRATILA,<br><br>         Appellant,<br>vs.<br><br>MICHAEL BOUDLOCHE,<br>AS PLAN TRUSTEE,<br><br>         Appellee. | § § § § § § § § § § § § | Civil Action<br>No. C-06-173 (Lead Case)<br>No. C-06-282 (Member Case)<br>No. C-06-400 (Member Case) |

**ORDER**

On this day came on to be considered Appellant Margaret Fratila's consolidated appeals of Bankruptcy Court Order Nos. 352, 374, 375, 406 and 407 in the above-styled Chapter 7 bankruptcy action.[1]  This Court held a hearing on the Appellant's consolidated bankruptcy appeals on November 20, 2006.

This Court sits as an appellate court in this matter, reviewing the Bankruptcy Court's findings of fact for clear error

---

[1] Ms. Fratila filed three separate actions in this Court, appealing the above-referenced Bankruptcy Court orders.  Because the three cases brought by Ms. Fratila contain common questions of law and fact, this Court consolidated the actions pursuant to Federal Rule of Civil Procedure 42(a).  (D.E. 5, 9, Case No. 06-173).

and its conclusions of law de novo.  See Carrieri v. Jobs.com, Inc., 393 F.3d 508, 517 (5th Cir. 2004) (internal citations omitted).  Under the clearly erroneous standard, this Court will reverse "only if, on the entire evidence, [the Court is] left with the definite and firm conviction that a mistake has been made."  Id. (internal quotation omitted).

For the reasons set forth below and for the reasons set forth at the hearing on this matter, this Court hereby ORDERS as follows with respect to Ms. Fratila's appeals of Bankruptcy Court Order Nos. 352, 374, 375, 406 and 407:

1. Ms. Fratila appeals Bankruptcy Court Order No. 352, "Corrected Order for Final Attorney's Fees."  In this Order, the Bankruptcy Court authorized the Trustee Michael Boudloche to pay his counsel $37,838.09 as final compensation for services rendered in the bankruptcy estate.  After considering the Appellant's arguments, applicable law, and the record in this case, this Court determines that the Bankruptcy Court did not err in authorizing the Trustee to pay his counsel $37,838.09 as final compensation for services rendered in the bankruptcy estate.  Accordingly, this Court hereby AFFIRMS Bankruptcy Court Order No. 352.

2. Ms. Fratila appeals Order No. 374, "Order Denying Motion to Abate the Appeal."  In this Order, the Bankruptcy Court denied Ms. Fratila's request to abate her appeal of Order No. 352.

   Ms. Fratila sought to abate her appeal of Order No. 352 pending her petition for writ of certiorari to the United States Supreme Court on another Bankruptcy Court order.[2] The Court finds that this issue is MOOT, as the Supreme Court denied Ms. Fratila's petition for writ of certiorari on October 2, 2006.[3]  (D.E. 79, Case No. 04-503).

3. Ms. Fratila appeals Bankruptcy Court Order No. 375, "Order Approving Trustee's Fees and Expenses Requested in Final Report Before Distribution."  On May 20, 2006, the Trustee filed a "Final Report Before Distribution" (D.E. 364, Bankruptcy Case) (hereinafter, "Final Report").  Ms. Fratila

---

[2]Ms. Fratila's petition for writ of certiorari to the United States Supreme Court pertained the Bankruptcy Court's order denying Ms. Fratila's motion to have Michael Boudloche removed as the Chapter 7 Trustee.  Ms. Fratila appealed the Bankruptcy Court's order to this Court (Case No. 04-503), and this Court affirmed the Bankruptcy Court.  Ms. Fratila appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed this Court's order.  Ms. Fratila filed the above-referenced petition for writ of certiorari to the United States Supreme Court, which was denied on October 2, 2006.  (D.E. 79, Case No. 06-503).

[3]Ms. Fratila notes that she filed a petition for rehearing to the United States Supreme Court, asking the Supreme Court to reconsider its denial of her petition for writ of certiorari. (D.E 12, Case No. 06-173).  However, Supreme Court Rule 44 states that the grounds for a petition for rehearing "shall be limited to intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented."  Sup. Ct. R. 44.  Ms. Fratila's petition for rehearing does not set forth any valid intervening circumstances or substantial grounds not previously presented.  (See, generally, D.E. 12, Case No. 06-173).  Accordingly, Ms. Fratila's petition for rehearing to the Supreme Court does not alter this Court's analysis of Ms. Fratila's appeal of Order No. 374.

classifies herself as a creditor in the Bankruptcy Case, and notice of the Final Report was issued to all creditors and parties in interest on May 20, 2006 (D.E. 365, Bankruptcy Case).  The notice states as follows: "IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THE TRUSTEE'S FINAL REPORT." (Id.) (emphasis in original).  The notice states that any such response had to be filed **within 20 days of service**, and that if the creditor/party in interest failed to file a response within the 20 day period, the Bankruptcy Court "MAY TREAT THE TRUSTEE'S FINAL REPORT ... AS UNOPPOSED AND GRANT THE RELIEF." (Id.) (emphasis in original).  **Ms. Fratila did not file any written objections to the Final Report**.  She had 20 days from the date she received notice, but she did not file any written response.  On June 19, 2006, the Bankruptcy Court entered Order No. 375, approving the Trustee's fees and expenses as requested in the Final Report.  The Order stated that "no timely objections were filed, or timely objections were filed and if sustained were taken into account in the distribution ordered by the Bankruptcy Court."  Based on the above, and after considering the Appellant's arguments, applicable law, and the record in this case, the Court finds that the Bankruptcy Court did not err in issuing Order No. 375, approving the Trustee's fees and expenses as requested in the

Final Report.  Accordingly, this Court hereby AFFIRMS Bankruptcy Court Order No. 375.

4. Ms. Fratila appeals Order No. 406, "Order Regarding Fratila's Motion to Reconsider Order Closing Case (Docket # 390)". The Bankruptcy Court closed the Chapter 7 case and discharged the Trustee on July 21, 2006. (D.E. 388, Bankruptcy Case). Ms. Fratila filed a motion to reconsider the final decree closing the case. (D.E. 390, Bankruptcy Case). The Bankruptcy Court did re-open the case, and vacated the final decree that closed the case and discharged the Trustee. (D.E 394, vacating D.E. 388, Bankruptcy Case). However, the Bankruptcy Court issued two separate orders re-opening the case, and those orders contain conflicting language as to the reason the case was re-opened. (D.E. 402, 406, Bankruptcy Case). Bankruptcy Court Order No. 402 states that "the case will stay open until all pending appeals have been dealt with." However, Bankruptcy Court Order No. 406 states that the sole reason the case was re-opened was to "close pending motions on file." As these orders conflict with one another as to the reason the Bankruptcy Case was re-opened, this Court hereby REMANDS this issue back to the Bankruptcy Court for clarification as to the following: (1) which Order the Bankruptcy Court intended to take precedence, Order No. 402 or Order No. 406; (2) whether Order No. 402 or Order No. 406 is to be vacated; and (3) the

specific reason why the Bankruptcy Case was re-opened.

5. Ms. Fratila appeals Bankruptcy Court Order No. 407, "Order Denying Motion to Reconsider Order Denying Stay of Distribution (Docket # 398)." Ms. Fratila had moved for a stay of distribution of the funds held by the Trustee pending the decision of the Supreme Court on Ms. Fratila's petition for writ of certiorari. The Bankruptcy Court denied Ms. Fratila's motion, Ms. Fratila moved for reconsideration, and the Bankruptcy Court denied Ms. Fratila's motion for reconsideration. (D.E. 373, 393, 398, Bankruptcy Case). At the time Ms. Fratila filed her motion for a stay of distribution, the funds had already been distributed pursuant to Bankruptcy Court Order No. 375. Further, Ms. Fratila originally sought a stay of distribution pending the Supreme Court's ruling on her petition for writ of certiorari. The Supreme Court denied Ms. Fratila's petition for writ of certiorari on October 2, 2006. (D.E. 79, Case No. 04-503). Accordingly, this Court finds that Ms. Fratila's appeal of Bankruptcy Court Order No. 407 is MOOT. See, e.g., In re Shell Oil Refinery, 1996 WL 180062 (E.D. La. 1996) ("request to stay distribution is moot" because the money was already distributed pursuant to court order).

6. This Court notes that Ms. Fratila's numerous appeals before this Court, the vast majority of which have been without any

merit whatsoever, have caused great expense to the opposing party and to the bankruptcy estate.  This Court hereby formally cautions Ms. Fratila that if she brings yet another frivolous appeal before this Court, this Court will strongly consider <u>sua</u> <u>sponte</u> sanctions against Ms. Fratila.

SIGNED and ENTERED this 28th day of November, 2006.

_____
Janis Graham Jack
United States District Judge